## WOOD et al. v. JOLIET GASLIGHT CO.

(Circuit Court of Appeals, Seventh Circuit. November 5, 1901.)

### No. 797.

DAMAGES—BREACH OF CONTRACT.

Plaintiffs contracted to build a gas holder for defendant, it being an express requirement of the contract that the holder should be completed by December 1st. It was not in fact completed until January 15th following. The evidence showed that defendant did not require such holder for use except during the months of December and January each year, when the consumption of gas by its customers was unusually large. *Held*, that the time of completion was of the essence of the contract, and, in the absence of evidence of special damages, defendant was entitled to recoup, as damages against the unpaid balance of the contract price, a sum at least equal to the legal interest for one year on the amount already paid on the contract, and the cost of the land on which the holder was situated.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The action in the Circuit Court was by the plaintiffs-in-error, citizens of the State of Pennsylvania, against defendant-in-error, a corporation under the laws of Illinois; and grew out of a contract wherein the plaintiffs-in-error agreed to construct for the defendant-in-error a gas holder for the contract price of Twenty-five Thousand Dollars, of which $9,616.89 is still unpaid. For this balance the suit was brought.

At, and before, the making of the contract in question, the defendant-in-error was engaged in the manufacture and distribution of gas in the City of Joliet, Ill. Its plant had a manufacturing capacity of 287,000 cubic feet, but a storage capacity of about 90,000 feet only. This storage capacity seems to have been sufficient for the needs of the entire year except during

the months of December and January, when, because of the Holidays, and the increased lengths of the nights, the demand for gas was greatly increased. To meet this particular need, the contract in question was contemplated.

July 3rd, 1899, defendant-in-error wrote to the plaintiffs-in-error, asking for a proposition on a holder in steel tank of a capacity of 300,000 feet, and added: "Will you kindly state whether or not you can have this holder completed by December first of this year. There is no necessity for us to build a holder this year unless it can be completed by that date"; to which, the plaintiffs-in-error, July 13th, replied, stating the price of $25,000, but making no reference to the time for completion. July 18th defendant-in-error acknowledged the letter of July 13th, stating it would give plaintiffs-in-error the contract at once to build the holder at the price stated, providing the plaintiffs-in-error would guarantee to have the same completed on or before December first of the current year, and added: "Unless it is completed before December first of this year, we should not care to have it ready before the middle of September or October, 1900. If you cannot guarantee to have the holder completed by December first, we shall certainly advertise for bids based on completion at any time before October first of next year, and know we can save ourselves some money by so doing. As I said, however, we are willing to pay you your price on an absolute guarantee that it will be finished by December first, providing the details and specifications are satisfactory"; to which, plaintiffs-in-error replied by telegram, July 22nd, as follows: "Can complete holder by December first if material is ordered immediately." July 31st following defendant-in-error replied: "We accept your proposition for Joliet; must be done December first."

Thereupon, plaintiffs-in-error began the construction of the holder, but it was not finished until the 17th of January following. January 15th the holder was accepted by the defendant-in-error, "subject to our final settlement with your company", and was filled with gas, whether for trial or storage does not clearly appear.

A jury having been waived, the case was submitted to the Court for trial, by whom it was found that by reason of the delay in the completion of the holder, the defendant-in-error was damaged to the extent of Twelve Hundred Dollars, ($1,200); and a judgment was rendered for the balance of the contract price, less this sum. From this finding and judgment, this writ is prosecuted.

Henry C. Wood and Thomas C. Clark, for Plaintiffs-in-Error.

Ralph R. Bradley, for Defendant-in-Error.

Before JENKINS and GROSSCUP, Circuit Judges, and BUNN, District Judge.

GROSSCUP, Circuit Judge. The completion of the holder by the first of December, 1899, was, in our opinion, of the essence of the contract; and if the plaintiffs-in-error failed in this respect, and such failure resulted in damage to the defendant-in-error, such damages could properly be recouped against the unpaid balance of the contract price. About this there seems to be no question. The principal questions in the case concern the proof, and the measure of damages.

No evidence was introduced respecting damages, other than that the holder constructed was useless to the defendant-in-error except during the months of December and January; and proof tending to show that but for the defendant-in-error's anxiety to have the holder ready by the first of December, the contract could have been let at a figure considerably less, the saving amounting probably to three thousand dollars. We do not deem it necessary to inquire whether the fact last stated could be made the basis of re-

covery or recoupment. We think the first fact, viz.—that the holder was useless except during the months of December and January—discloses in law a definite measure of damage.

The amount allowed by the Circuit Court is within a few dollars of a year's interest at five per cent., (the legal rate in Illinois), upon the contract money already paid and the amount invested in the land upon which the holder was erected. Whether the computation should not have been made upon the contract price, with the land investment added, is a question we need not pass upon, for the defendant-in-error is not complaining; nor need we ascertain that this was the measure upon which the Circuit Court actually made the calculation. It is sufficient to support this judgment that the law justifies such a rule of damages, and that the record furnishes the facts to which it can be applied.

It seems plain to us that the defendant-in-error was entitled to the loss it suffered by reason of the plaintiffs-in-error's default. In the absence of special damages, such a loss seems correctly measured by the investment tied up on account of the breach. It is of no consequence, that immediately after the completion of the holder it may have been used for storage purposes. The point is, that it was not needed for that purpose, and that, therefore, owing to the plaintiffs-in-error's default in the matter of time of completion, the investment represented by the holder was premature to the extent of an entire year. Unless this rule is applicable, the defendant-in-error would have been put, without his fault, and by the failure of the other party to the contract, to a loss without a remedy. The rule we have adopted is in our opinion sufficiently supported in the case of Mining Syndicate v. Fraser, 130 U. S. 611, 9 Sup. Ct. 665, 32 L. Ed. 1031.

The judgment will be affirmed.